**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

NICHOLAS ALEXANDER
   HARRISON,
        Appellant,

      v.

SMALL BUSINESS
   ADMINISTRATION,
        Agency.

DOCKET NUMBER
DC-1221-18-0302-W-1

DATE: April 23, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Nicholas Alexander Harrison, Washington, D.C., pro se.

Claudine Landry, Esquire, and Sherrie Abramowitz, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision that dismissed his individual right of action (IRA) appeal for lack of Board jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On September 26, 2017, the appellant applied for a Veterans Affairs Specialist position with the agency. Initial Appeal File (IAF), Tab 4 at 9. The appellant then applied for a Business Opportunity Specialist position with the agency on October 25, 2017. IAF, Tab 6 at 36. The appellant filed a complaint with the Office of Special Counsel (OSC) on November 21, 2017, alleging that the agency did not select him for either of these positions in reprisal for previous whistleblowing disclosures.[2] IAF, Tab 1 at 6-7, 10. OSC informed the appellant on January 31, 2018, that the investigation into his complaint was closed without further action and that he could file an IRA appeal with the Board. *Id.* at 10-11. The agency informed the appellant on January 31, 2018, that it did not select him for the Business Opportunity Specialist position and informed him on February 27, 2018, that it did not select him for the Veterans Affairs Specialist

---

[2] In the initial decision, the administrative judge stated that the record does not reflect when the appellant filed his complaint with OSC. IAF, Tab 7, Initial Decision at 4. However, the appellant indicated that he filed his complaint with OSC on November 21, 2017. IAF, Tab 1 at 6. Any error by the administrative judge regarding this fact did not prejudice the appellant's substantive rights nor did it create any grounds to depart from the conclusions in the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

position. IAF, Tab 6 at 25-26. The appellant filed his Board appeal on February 5, 2018. IAF, Tab 1. After the parties responded to the jurisdictional order, the administrative judge issued an initial decision dismissing this appeal for lack of jurisdiction, as the appellant failed to demonstrate exhaustion of his administrative remedies with OSC prior to filing his IRA appeal with the Board. IAF, Tab 4, Tab 6, Tab 7, Initial Decision (ID) at 1-6.

In the absence of an action directly appealable to the Board, only allegations of protected disclosures of information or protected activity, along with personnel actions, that an appellant first raises and exhausts with OSC may be considered by the Board in an IRA appeal. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011); *see* 5 U.S.C. §§ 1214(a)(3), 2302(b)(8), (b)(9). This requirement is met when an appellant has provided OSC with a sufficient basis to pursue an investigation that might lead to corrective action. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11.

As the administrative judge found in the initial decision, the appellant could not have provided OSC with a sufficient basis to pursue an investigation into his allegation that the nonselections were in reprisal for his prior whistleblowing, as he had yet to even learn that he was not selected for the positions when he filed his complaint with OSC. ID at 3-6. Due to the appellant's premature complaint to OSC, he failed to exhaust his administrative remedies.

On review, the appellant claims to have learned of his nonselection for the Veterans Affairs Specialist position before the agency sent him notice on February 27, 2018. Petition for Review (PFR) File, Tab 1 at 5. However, the appellant does not provide the date that he supposedly gained this knowledge. Relatedly, the appellant asserts that due to the length of time that passed after he applied for the positions and the lack of response from the agency, it was reasonable to assume that he was not selected for either position when he filed his complaint with OSC. PFR File, Tab 1 at 5-6, Tab 4 at 5. The appellant did not

raise this argument below in response to the administrative judge's jurisdictional order. IAF, Tab 4 at 4-10. The Board will generally not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). There has been no showing of these circumstances; thus, we need not consider the appellant's argument.

Notwithstanding, the evidence does not support the appellant's contention, as the agency contacted him in between the dates that he applied for each position and November 21, 2017, to advise him that the hiring managers for each position were further considering his applications. IAF, Tab 6 at 33-34. The amount of time between the appellant's applications and the communications from the agency was not so excessive to support the finding that the appellant reasonably inferred that the agency did not select him prior to November 21, 2017, the date that he filed his complaint with OSC. IAF, Tab 1 at 6. On November 28, 2017, the agency also scheduled an interview with the appellant for the Business Opportunity Specialist position. IAF, Tab 6 at 28. Contrary to the appellant's assertion on review, there was no reasonableness standard for the administrative judge to apply when assessing the amount of time between the appellant's application and notice from the agency regarding the status of his application. PFR File, Tab 4 at 5.

On review, the appellant contends that he must be allowed to challenge his nonselections as the nonselections have now occurred. PFR File, Tab 1 at 6. In the initial decision, the administrative judge observed that, because the appellant has now learned of his nonselections for the positions in question, he may file a new complaint with OSC and pursue a new IRA appeal if OSC does not pursue corrective action. ID at 6. In fact, the appellant filed a second IRA appeal

regarding these claims after he exhausted his administrative remedies with OSC.[3] In an April 20, 2018 initial decision, an administrative judge dismissed that appeal for lack of jurisdiction because the appellant failed to nonfrivolously allege that he made disclosures protected by the whistleblower protection statutes. *Harrison v. Small Business Administration*, MSPB Docket No. DC-1221-18-0400-W-1, Initial Decision (Apr. 20, 2018).  The appellant has not filed a petition for review of that initial decision, and thus, it is the final decision of the Board.  *See* 5 C.F.R. § 1201.113 (stating that an initial decision issued by an administrative judge becomes the Board's final decision 35 days after issuance if no petition for review is filed).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] *See Bump v. Department of the Interior*, 64 M.S.P.R. 326, 331-33 (1994) (holding that a jurisdictional dismissal of a prior IRA appeal for failure to exhaust administrative remedies with OSC did not bar a second IRA appeal of the same claim after OSC remedies were exhausted).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012.** This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.